IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY ITHAMAR MILLER,           )
                                  )
                Plaintiff,        )
                                  )
        -vs-                      )          Civil Action No.   20-1148
                                  )
KILOLO KIJAKAZI,[1]               )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
                Defendant.        )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17).   After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motion (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.   Plaintiff filed his applications on March 12, 2018. Administrative Law Judge ("ALJ"), Daniel S. Campbell, held a video hearing on August 15, 2019. (ECF No. 12-2, pp.31-58).   On September 25, 2019, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 12-2, pp. 14-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18).   The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II.  **LEGAL ANALYSIS**

### A.  **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.      Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 15, pp. 3-6).   Specifically, Plaintiff suggests that the ALJ erred in the following ways: 1) the ALJ failed to consider all of his limitations set forth in the Medical Assessment of Mental Ability to do Work Related Activities from Adult Behavior Services ("ABS"); and 2) the hypothetical questions posed to the vocational expert ("VE") failed to take into account the limitations set forth in the assessment from ABS.   *Id.*   Based on the same, Plaintiff submits that remand is warranted.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case, the ALJ found Plaintiff had the RFC to perform light work, with certain exceptions.   (ECF No. 12-2, pp. 18-19).

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated.   20 C.F.R. §§404.1520c; 416.920c.   Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source."   *Id.* at §§404.1520c(a); 416.920c(a).   For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b).   In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence was received after a medical opinion was rendered.   *Id.* at §§404.1520c(c); 416.920c(c).   "The most important factors" are supportability[3] and consistency.[4]   *Id.* at §§404.1520c(a); 416.920c(a).   Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).   When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

---

[3]With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."   *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4]With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.   *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).   Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.   *Id.* at §§404.1520c(d); 416.920c(d).

Here, Plaintiff argues that the ALJ failed to consider all the limitations noted by ABS. (ECF No. 15, p. 4).   After a review of the record, I disagree.   The ALJ specifically considered the treatment notes from ABS and the opinion therein by clinician, Terrance Martin.   (ECF No. 12-2, pp. 21-23).   In so doing, the ALJ directly addressed the opinion and discussed why he found it to be inconsistent with and unsupported by the evidence of record.   *Id.*   For example, the ALJ found the opinion to be inconsistent with ABS's treatment notes "which indicate the claimant has had little treatment and no recommendations for inpatient treatment since the alleged onset date (Exhibit 13F)."   *Id.*   at p. 22.   The ALJ's manner of assessing said evidence is consistent with the new regulations governing this case.   The ALJ was not required to be persuaded by this evidence.   20 C.F.R. §§404.1520c(b); 416.920c(b).   Moreover, I find the ALJ's determination is supported by substantial evidence.   Thus, I find no error in this regard.

Along the same line of rationale, Plaintiff additionally argues that the ALJ erred by improperly disregarding VE testimony and by relying on incomplete hypothetical questions that did not include the all limitations noted by ABS. (ECF No. 15, pp. 4-6).   An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).   Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.   (ECF No. 12-2, pp. 14-25).   Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY ITHAMAR MILLER,            )
                                   )
            Plaintiff,             )
                                   )
      -vs-                         )        Civil Action No.   20-1148
                                   )
KILOLO KIJAKAZI,[5]                )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
            Defendant.             )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 27th day of August, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge

---

[5]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

7